UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 25-01247-MWF (JDEx) | Date: | April 9, 2025 |
| Title: | Monica G. Tillis v. Worldmark, the Club et al. | | |

Present: The Honorable **MICHAEL W. FITZGERALD, U.S. District Judge**

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DENYING PLAINTIFF'S MOTION TO REMAND [13]

Before the Court is Plaintiff Monica G. Tillis's Motion to Remand (the "Motion"), filed March 14, 2025. (Docket No. 13). Defendants Travel + Leisure Co. ("T+L"), Worldmark, the Club ("Worldmark"), and Wyndham Resort Development Corporation ("Wyndham") filed an Opposition on March 24, 2025. (Docket No. 14). An optional Reply was not filed.

The Motion was noticed to be heard on **April 14, 2025**. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **DENIED**. Plaintiff's filing of the First Amended Complaint ("FAC"), which named T+L as a Defendant for the first time, allowed T&L to remove the action though the removal deadline had passed for the other Defendants. The exercise of supplemental jurisdiction is also appropriate.

**I.   BACKGROUND**

Plaintiff commenced this action in Los Angeles County Superior Court on October 17, 2024. (Complaint (Docket No. 1-3)). The Complaint named Worldmark and Wyndham as Defendants, but did not name T+L. (*See generally id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 25-01247-MWF (JDEx)  **Date:** April 9, 2025
**Title:**  Monica G. Tillis v. Worldmark, the Club et al.

Plaintiff is a resident of Washington, District of Columbia. (*Id.* ¶ 7). Worldmark "is a California nonprofit mutual benefit corporation owned by its more than 260,000 members." (*Id.* ¶ 8). Worldmark owns vacation timeshare properties throughout the United States. (*Id.*). Wyndham is an Oregon corporation which manages Worldmark's resorts. (*Id.* ¶ 9).

Plaintiff alleged in the Complaint that Worldmark and Wyndham improperly reported her timeshare account to collections; denied her access to a timeshare because of software failures; failed to disclose substantial limitations on availability of the timeshare; and failed to provide her with a copy of the timeshare agreement, despite her requests. (*Id.* ¶¶ 2-6). Plaintiff alleged that Worldmark and Wyndham did so despite Plaintiff making timely payments as required by their agreement. (*Id.* ¶ 2).

On the basis of these allegations, Plaintiff brought four causes of action against Worldmark and Wyndham, for: 1) violation of the Fair Credit Reporting Act (*id.* ¶¶ 22-26); 2) violation of the California Vacation Ownership and Time-Share Act of 2004 (*id.* ¶¶ 27-31); 3) violation of the California Unfair Competition Law (*id.* ¶¶ 32-41); and 4) breach of contract (*id.* ¶¶ 42-47).

On January 14, 2025, Plaintiff filed the FAC. (FAC (Docket No. 1-10)). The FAC named T+L as a Defendant for the first time. (*See id.* at 1). T+L is a Delaware corporation with its principal place of business in Florida. (*Id.* ¶ 16). T+L "owns and controls" Wyndham. (*Id.*). The FAC provided further factual enhancement of the central allegations described above, and also brought claims on behalf of a putative class. (*Id.* ¶¶ 31-37). In addition to those claims brought in the Complaint, the FAC brought three additional claims against Defendants, for: 1) violation of the California Consumer Credit Reporting Agencies Act (*id.* ¶¶ 49-57); 2) violation of the California Consumer Legal Remedies Act (*id.* ¶¶ 82-92); and 3) violation of the Federal Trade Commission Act (*id.* ¶¶ 93-101).

T&L, Wyndham, and Worldmark are represented by the same counsel in this action. (*See generally* Docket). In the Proof of Service attached to the FAC, Plaintiff's counsel states that he served the FAC on Defendants' counsel via email. (FAC at 34). Though this service was perhaps not made in accordance with Rule 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 25-01247-MWF (JDEx) | **Date:** April 9, 2025 |
| **Title:** Monica G. Tillis v. Worldmark, the Club et al. | |

(the Court is aware of no other document evidencing the service made on T&L), T&L appears to have accepted that service was made on it on January 14, 2025. (*See* Notice of Removal (Docket No. 1) ¶ 6 ("T+L was added as a defendant in the action on January 14, 2025 and served that day with the FAC.")).

On February 13, 2025, T+L removed the action to this Court. (*Id.*). T+L states that the ground for jurisdiction is federal question jurisdiction, based on Plaintiff's Fair Credit Reporting Act and Federal Trade Commission Act causes of action, with the Court having supplemental jurisdiction over the remaining causes of action. (*Id.* ¶¶ 12-15).

Plaintiff argues that the action should be remanded because (1) removal was untimely; and (2) state law claims predominate over this action such that the Court should decline to exercise supplemental jurisdiction over the state law claims. (*See generally* Motion). Plaintiff also requests attorneys' fees and costs for the expense incurred due to removal. (*Id.* at 8).

## II.     LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 25-01247-MWF (JDEx)            **Date:**  April 9, 2025
**Title:**    Monica G. Tillis v. Worldmark, the Club et al.

### III.  ANALYSIS

Plaintiff's first argument is that removal was untimely, because it occurred more than 30 days after the Complaint was filed and because the FAC did not restart the clock for Defendants to remove the action.

"Each defendant shall have 30 days after receipt by or service ***on that defendant*** of the initial pleading or summons . . . to file the notice of removal."  28 U.S.C. § 1446(b)(2)(B) (emphasis added).  "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."  28 U.S.C. § 1446(b)(2)(C).

A straightforward application of these provisions of the removal statute seem to militate against remanding the action, because T&L was served on January 14, 2025, and removed the action on February 13, 2025.  Under 28 U.S.C. § 1446(b)(2)(C), it is simply immaterial whether Wyndham or Worldmark removed when they had the initial opportunity to do so, because T+L was not served until later, and its removal occurred within the 30-day window triggered by service of the FAC on it (and Wyndham and Worldmark were empowered to consent to that removal).

Plaintiff claims, however, that an amended complaint on its own "does not restart the removal clock," and that "[c]ourts have consistently held that the 30-day removal period under 28 U.S.C. § 1446(b) does not restart simply because a new party is added to the case."  (Motion at 4).  As to the first of these points, the Court agrees.  The Ninth Circuit has held that where an initial complaint affirmatively discloses the grounds for federal jurisdiction (as here), amendments of the complaint do not automatically trigger new removal periods.  *See, e.g.*, *Eminence Investors, L.L.L.P. v. Bank of N.Y. Mellon*, 24 F. Supp. 3d 968, 971 (E.D. Cal. 2014) ("The removal period begins to run once the defendant receives enough facts to remove on any basis; later disclosure that the case also is removable on another ground generally does not restart the thirty-day clock.") (citing *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006)).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 25-01247-MWF (JDEx)     Date:  April 9, 2025
Title:    Monica G. Tillis v. Worldmark, the Club et al.

It is Plaintiff's second point—that courts consistently find the 30-day window does not restart when a new party is added—that is unpersuasive.  Plaintiff cites two cases for this purportedly consistent finding.  The first is a 1979 case from the District of South Carolina, wherein the district court found that removal was proper on the basis of diversity jurisdiction where the plaintiff effectively abandoned his claim against the only non-diverse defendant during closing arguments at trial.  *Heniford v. Am. Motors Sales Corp.*, 471 F. Supp. 328, 334 (D.S.C. 1979).  Plaintiff uses this case to support the proposition that "[t]he addition of a new defendant *only* impacts removability where it introduces an entirely new and independent basis for federal jurisdiction."  (Motion at 4-5) (emphasis added).

*Heniford* simply does not support this proposition in any way.  No new defendant was added in that case—a claim against a certain defendant was abandoned.  Even if a new defendant had been added, there is no justification for Plaintiff's position that *Heniford* expressed a limitation that the addition of a new defendant "only" impacts removability under certain circumstances.  And in any case this ruling could only be persuasive here, and its factual dissimilarity cuts against its persuasiveness.

The only other case Plaintiff cites in this section in fact demonstrates why Defendants have the better of the argument.  Plaintiff cites *Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011), for the proposition that "[Defendants'] failure to timely remove within [the 30-day] window renders the removal untimely and requires remand."  (Motion at 5).  In context, the page of *Destfino* that Plaintiff cites directly undermines Plaintiff's position under the factual circumstances here.  *Destfino* represented the Ninth Circuit's adoption of the later-served defendant rule, which, as explained in *Destfino*, means that "each defendant gets *his own* thirty days to remove after being served," rather than the "thirty-day clock run[ning] for all subsequently served defendants."  *Id.* at 955 (emphasis added).

Plaintiff cites to page 956 of *Destfino*, which contains a short snippet that, read out of context, appears to support (or at least be consistent with) Plaintiff's position: "[A] a defendant's failure to remove within thirty days [is] an affirmative decision not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 25-01247-MWF (JDEx) | Date: April 9, 2025 |
| Title: Monica G. Tillis v. Worldmark, the Club et al. | |

to remove." *Id.* at 956. A longer version of this quote makes clear that the Ninth Circuit was simply presenting the argument it was rejecting:

> Courts that have adopted the [first-served rule] have argued that the first-served rule is more consistent with the requirement that defendants unanimously join in a removal petition. There courts construe a defendant's failure to remove within thirty days as an affirmative decision not to remove. But the fact that a defendant hasn't taken the initiative to seek removal doesn't necessarily mean he will object when another defendant does. Failure to file a petition may be based on a lack of resources, trusting a lawyer's advice or inertia. There is no reason to lock an earlier-served defendant out of the federal forum, if he later chooses to consent.

*Id.* at 956 (internal citations omitted).

The Court finds that, as Defendants argue (Opposition at 7-9), *Destfino* governs here. T+L was a later-served Defendant and was entitled to exercise its right to remove within 30 days of its receipt of the FAC. Worldmark and Wyndham, as earlier-served defendants, were entitled to consent to the removal, even though they did not themselves remove during their own 30-day window for removal.

Putting to one side whether removal was procedurally proper, Plaintiff also argues that the Court should decline to exercise supplemental jurisdiction because state law claims predominate. (Motion at 5-7). Plaintiff argues that the majority of her causes of action are under California statutes or common law, and that the two federal claims are not all they seem, because Plaintiff is not actually permitted to bring a claim under the Federal Trade Commission Act and does not intend to pursue that claim. (*Id.* at 5-6). Accordingly, the Fair Credit Reporting Act claim is the only federal claim which Plaintiff does intend to pursue, and it is "narrow in scope and does not materially shift the case away from its core focus on state law." (*Id.* at 6).

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so

| | |
|---|---|
| **CIVIL MINUTES—GENERAL** | 6 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 25-01247-MWF (JDEx)          **Date:** April 9, 2025
**Title:** Monica G. Tillis v. Worldmark, the Club et al.

related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). While a court may have the power to exercise supplemental jurisdiction, it need not do so in every case. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[P]endent jurisdiction is a doctrine of discretion, not of . . . right.").

Here, Plaintiff argues that though the Court has the power to exercise supplemental jurisdiction over the state law claims, the Court should decline to exercise supplemental jurisdiction because the state law claims predominate over the federal claims, which is one of the bases upon which courts are expressly granted discretion to decline supplemental jurisdiction under 28 U.S.C. § 1367(c). *See* 28 U.S.C. § 1367(c)(2) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if— . . . the claim substantially predominates over the claim or claims over which the court has original jurisdiction.").

The Court finds, however, that the facts and legal analysis involved in the claims are interrelated such that resolving them together is appropriate. Accepting as true for purposes of argument that Plaintiff is correct that there is no private cause of action for her Federal Trade Commission Act claim such that it must be dismissed and the appropriate federal analysis involves only the Fair Credit Reporting Act claim (Motion at 6), it is still true that the Fair Credit Report Act claim is at the heart of this case. Plaintiff alleges that Defendants furnished inaccurate information about Plaintiff's payment history to credit reporting agencies, although they should have known that Plaintiff had a history of making timely payments. (FAC ¶ 38). Whether Plaintiff in fact made timely payments is a precondition for establishing this claim; similarly, Plaintiff argues that Defendants violated the California Consumer Credit Reporting Agencies Act for false credit reporting despite Plaintiff's timely payments (*id.* ¶¶ 50-52), and that Defendants violated the California Unfair Competition Law in part by making false reports to credit agencies despite Plaintiff's timely payments (*id.* ¶¶ 71, 74). Whether Plaintiff did in fact make payments toward her account is also likely to figure into any analysis regarding her breach of contract claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 25-01247-MWF (JDEx)                **Date:**  April 9, 2025
**Title:**     Monica G. Tillis v. Worldmark, the Club et al.

    The allegations behind Plaintiff's federal cause of action are therefore inextricable from her state law claims. In those circumstances, the Court does not find that the state law claims predominate. As Defendants indicate, district courts often find that the exercise of supplemental jurisdiction over state law claims is appropriate in cases where plaintiffs bring California causes of action alongside a Fair Credit Reporting Act cause of action. *See, e.g., Tuck v. Am. Accounts & Advisors Inc.*, No. 3:19-cv-0671-GPC-NLS, 2019 WL 2514733, at *2 n.2 (S.D. Cal. June 18, 2019); *Kheel v. Santander Consumer USA Inc.*, No. CV 22-00752-MWF (MARx), 2022 WL 2903143, at *1 (C.D. Cal. June 1, 2022).

    Plaintiff makes a brief argument that where state law claims predominate, district courts should decline supplemental jurisdiction as a matter of judicial economy, comity, and fairness. (Motion at 7). Because the Court finds that state law claims ***do not*** predominate, Plaintiff's argument is unpersuasive. Additionally, because the Motion is denied, Plaintiff will not be awarded attorneys' fees incurred as a result of removal.

    Accordingly, the Motion is **DENIED**.

    IT IS SO ORDERED.